IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MEDITREND INC.,

    Plaintiff,

v.                                                                                     1:15-cv-1160

LIBERTY MUTUAL INSURANCE COMPANY AND
COLORADO CASUALTY,

    Defendants.

## NOTICE OF REMOVAL

Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Colorado Casualty Insurance Company erroneously identified as Colorado Casualty ("Colorado Casualty") (collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2015-08160, to the United States District Court for the District of New Mexico, and state as follows:

### I.    INTRODUCTION

1. On October 23, 2015, Plaintiff, Meditrend Inc. ("Plaintiff" or "Meditrend"), commenced this action by filing its Complaint for Breach of Contract, Bad Faith, Unfair Claims Practices, Unfair Trade Practices Act in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2015-08160 against Defendants. *See* Plaintiff's Complaint, attached hereto as Exhibit A.

2. According to the Complaint, on or about October 6, 2012, Plaintiff's headquarters were vandalized resulting in catastrophic losses including complete loss of over 300,000 vials of a product designed to combat cancer. *Id.*, ¶¶ 8 and 14.

3. While not specifically alleged, upon information and belief, Plaintiff is a corporation involved in the manufacture of homeopathic products. Plaintiff has alleged that as a result of the vandalization to its property, the corporation sustained loss of business income, loss of business opportunity, loss of profits and losses which are yet to be quantified. *Id.*, ¶ 15.

4. Liberty Mutual issued a policy of insurance to the Plaintiff with an applicable policy period of September 6, 2012 through September 6, 2013. *Id.*, ¶ 6.

5. Plaintiff alleges that following the vandalized incident at the company's premises, a claim for benefits was made under the Liberty Mutual policy of insurance but Liberty Mutual refused to tender any policy proceeds and "instead became a moving target for its insured Plaintiff." *Id.*, ¶11.

6. Plaintiff asserts four claims for relief against Defendants: Breach of Contract (Count I), Breach of the Covenant of Good Faith and Fair Dealing (Count II), Violation of the New Mexico Unfair Claims Practices Act (Count II) (sic), and Violation of the New Mexico Unfair Practices Act (Count III). *Id.* at pages 3-9.

## II.   DIVERSITY JURISDICTION

7. In its Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873

(10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

  **A.**  **Complete Diversity of Citizenship Exists.**

  9.  As alleged in its Complaint, Plaintiff is a New Mexico corporation doing business in Albuquerque, New Mexico. *See* Complaint ¶ 1.

  10.  Liberty Mutual is incorporated under the laws of the State of Wisconsin and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and thus, is deemed to be a citizen of Wisconsin and Massachusetts. 28 U.S.C. § 1322(c)(1).

  11.  Colorado Casualty is incorporated under the laws of the State of laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts, and thus, is deemed to be a citizen of New Hampshire and Massachusetts. 28 U.S.C. § 1322(c)(1).

  12.  For purposes of federal diversity jurisdiction, the parties are completely diverse.

  **B.**  **The Amount in Controversy Exceeds $75,000.**

  13.  Although Defendants contest liability and damages, Plaintiff seeks a monetary judgment against Defendants that, upon information and belief, exceeds $75,000. Plaintiff is a corporation which conducts business in homeopathic medicine. Plaintiff alleges that following the vandalization, it lost over 300,000 vials of a product designed to combat cancer. In February 2015, Plaintiff advised that the product consisted of 4,623,927 human doses at an estimated value of $8/dose = $36,991,416. *See for example McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy). *See* Complaint.

14. Plaintiff further alleges that as a result of the vandalization, it sustained loss of business income, loss of business opportunity, loss of profits and losses which are yet to be quantified.  In addition to these losses, Plaintiff seeks damages for breach of contract, breach of the covenant of Good Faith and Fair Dealing, violation of the New Mexico Unfair Claims Practices Act, and violation of the New Mexico Unfair Practices Act.  In addition to the compensatory damages, Plaintiff seeks additional damages such as punitive damages, treble damages, pre- and post-judgment interest, attorney's fees and costs and "all other relief…"  *See* Complaint.  Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.  VENUE

16. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.  COMPLIANCE WITH THE RULES

17. All procedural requirements related to the removal of this action have been satisfied.

18. True and correct copies of "all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibit A.  *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

19. Defendants are timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief.  *See* 28 U.S.C. § 1446(b), Exhibit A.

20. Liberty Mutual has filed a Notice of Filing of Notice of Removal in the pending state court action in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2015-08160, which is attached hereto as Exhibit B.  *See* 28 U.S.C. § 1446(a).

21. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service.  28 U.S.C. § 1446(d).

22. Pursuant to Fed.R.Civ.P. 81(c), Defendants will present their defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendants, Liberty Mutual Insurance Company and Colorado Casualty Insurance Company erroneously identified as Colorado Casualty respectfully request that the action now pending in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2015-08160, be removed therefrom to this Court and that all further proceedings be had in this Court.

>Respectfully Submitted,
>
>SIMONE, ROBERTS & WEISS, P.A.
>
>/s/ Meena H. Allen
>MEENA H. ALLEN
>1700 Louisiana Blvd., N.E., Suite 240
>Albuquerque, NM  87110
>(505) 298-9400
>mallen@srw-law.com
>*Attorneys for Defendants*

Case 1:15-cv-01160-WPL-KK   Document 1   Filed 12/22/15   Page 6 of 6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
Law Offices of David M. Houliston
500 Tijeras NW
Albuquerque, NM 87102
*Attorneys for Plaintiff*


/s/ Meena H. Allen
Meena H. Allen

6