

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Claims Manager<br>Colorado Casualty Insurance Company<br>5975 South Quebec Street<br>Suite 300<br>Centennial, CO 80111 |

| | |
|---|---|
| **Entity:** | Colorado Casualty Insurance Company<br>Entity ID Number  2537995 |
| **Entity Served:** | Colorado Casualty Insurance Company |
| **Title of Action:** | Meditrend Inc. vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bernalillo County  District Court, New Mexico |
| **Case/Reference No:** | D-202-CV-2015-08160 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 12/02/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 11/24/2015 |
| **How Served:** | Certified Mail |
| Sender Information: | David M. Houliston<br>505-247-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT A

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INS.**
**John G. Franchini – (505) 827-4299**

**DEPUTY SUPERINTENDENT**
**Robert Doucette – (505) 827-5832**



**Service of Process**
**Room 434**
**(505) 827-1291**

November 24, 2015

Colorado Casualty Insurance Co.
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM  87501

Re:   Meditrend Inc. Vs Liberty Mutual Insurance Company &
         Colorado Casualty Insurance Company    D202CV2015-08160

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Summons, Complaint for Breach of Contract, Bad Faith, Unfair Claims Practices, Unfair Trade Practices, Plaintiff's Certification Regarding Arbitration Pursuant to LR2-603 and Plaintiff's First Set of Interrogatories and Request for Production to Defendant Liberty Mutual Insurance Company, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of November 24, 2015.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1399 8519

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

| SUMMONS | |
|---|---|
| District Court: SECOND JUDICIAL<br>Bernalillo County, New Mexico<br>Court Address:<br>Post Office Box 488 / 400 Lomas NW<br>Albuquerque, New Mexico  87103<br>Court Telephone No.: 505-8417451 | Case Number:<br>D.202.CV.2015.08160<br>Assigned Judge:<br>The Honorable Victor S. Lopez |
| Meditrend, Inc., Plaintiff<br>v.<br>Liberty Mutual Insurance Company and<br>Colorado Casualty, Defendants | Defendant<br>Colorado Casualty<br>Office of Superintendent of Insurance<br>State of New Mexico<br>P.O. Drawer 1689<br>Santa Fe, New Mexico   87504-1689 |

## TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of 11/3/2015 , 20___.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
      Chris Peck, Deputy

*/s/ David M. Houliston*
Signature of Attorney for Plaintiff
David M. Houliston
*Attorneys for Plaintiff*

500 Tijeras NW
Albuquerque, NM  87102
Phone: 505 247-1223
Fax: 505 214-5204
dmhouliston@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in _____ county on the _____ day of
_____, _____, by delivering a copy of this summons, complaint, and initial discovery
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, (*used when the defendant is not presently at
place of abode*) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last known
mailing address*).

[ ]    to _____, an agent authorized to receive service of process for
defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]       to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

1.       Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.       If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/23/2015 11:21:24 AM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MEDITREND INC.,

       Plaintiff,

v.                     No.     D-202-CV-2015-08160

LIBERTY MUTUAL INSURANCE COMPANY AND
COLORADO CASUALTY,

       Defendant.

## COMPLAINT FOR BREACH OF CONTRACT
## BAD FAITH, UNFAIR CLAIMS PRACTICES, UNFAIR TRADE PRACTICES

    Plaintiff, Meditrend Inc., by and through its attorneys of record, the Law Offices of David

M. Houliston (David M. Houliston), and for its Complaint for Breach of Contract, Bad Faith,

Unfair Claims Practices, and Unfair Trade Practices against Defendant Liberty Mutual Insurance

Company states:

    1.     Plaintiff Meditrend Inc., ("Plaintiff"), at all times material hereto, is a New Mexico

corporation doing business in Albuquerque, New Mexico

    2.     Upon information and belief, at all times material hereto, Defendant Liberty Mutual

Insurance Company ("Liberty") d/b/a Colorado Casualty, is a foreign corporation doing business

throughout the State of New Mexico.

    3.     Upon information and belief, Defendant Colorado Casualty is a foreign corporation

doing business throughout the State of New Mexico

    4.     Jurisdiction and venue are proper in the District Court of Bernalillo County, New

Mexico pursuant to NMSA § 38-3-1(A) and (F) 1978.

## FACTS COMMON TO ALL CLAIMS

5.      Plaintiff re-alleges all previous paragraphs of this Complaint, and incorporates the same as though fully set forth herein.

6.      In of 2012, Plaintiff purchased a policy of insurance, policy # BZS (13) 55245042, (the "Policy") from Defendants with an applicable policy period of 09/06/2012, through 09/06/2013.

7.      The "Commercial Protector" Policy provided coverage for business interruption and property losses.

8.      During the applicable policy period, on October 6, 2012, Plaintiff's headquarters were vandalized resulting in a complete loss of over 300,000 vials of a product designed to combat cancer.

9.      Plaintiff promptly gave notice of the loss to Defendants notifying them of the claim. Plaintiff complied with all provisions of the subject Policy and provided over a thousand (1000) pages of documentation substantiating the losses sustained by it.

10.     Plaintiff cooperated fully with the never ending demands of Defendants for additional information, and was actually tasked with adjusting the claim for Defendants.

11.     Despite receiving ample documentation, which justified the prompt and full payment of policy limits under the subject policy, Defendants refuse to tender any policy proceeds and instead became a moving target for its Insured: Plaintiff.

12.     Defendants, at all times since the date of the loss, was under an obligation to do its own investigation and make a reasonable and prompt determination of the claim submitted by

2

Plaintiff. Defendants failed to act reasonably and promptly under the circumstances, refusing to tender the applicable loss policy limits.

13.     Defendants never hired the appropriate third parties to evaluate the loss documentation submitted by Plaintiff, and never came up with a reasonable explanation as to its own internal evaluation. Defendants failed to share the appropriate information with Plaintiff or explain its steadfast refusal to timely pay the legitimate claim of Plaintiff under the subject Policy.

14.     The Policy purchased by Plaintiff from Defendants was obtained specifically to address the type of catastrophic losses incurred by Plaintiff.

15.     Defendants' refusal to deal fairly and honestly with Plaintiff, coupled with its refusal to pay the claim in a timely manner, resulted in significant economic losses by Plaintiff including, but not limited to, loss of business income, loss of business opportunity, loss of profits, and losses which have yet to quantified.

16.     Defendants' conduct is not justified or allowed under the terms and conditions of the Policy.

## COUNT I

## BREACH OF CONTRACT

17.     Plaintiff re-alleges all previous paragraphs of this Complaint, and incorporates the same as though fully set forth herein.

18.

19.     When Plaintiff purchased the insurance Policy from Defendants, it relied upon, and placed its trust in Defendants and its employees to act in good faith and in a reasonable manner in

3

the event Plaintiff ever filed a claim for coverage and benefits. The claim filed by Plaintiff was exactly the type of loss Plaintiff was assured would be covered under the subject Policy.

20.     Defendants, and its employees and agents, were in a fiduciary relationship with Plaintiff and were under a duty to use the skill, care and knowledge of other claims representatives and underwriters, practicing as insurance claims representatives and underwriters, in evaluating and investigating claims made by its Insureds in a prompt and thorough manner.

21.     The Policy requires Defendants to honor their obligations under the subject Policy.

22.     Defendants, either intentionally, or in the alternative, negligently breached the insurance policy contractual provisions by failing to honor Plaintiff' requests for coverage under the Policy. As a direct result, Plaintiff suffered damages and will suffer damages in the future in a total amount not presently determinable, but to be proven at the time of trial.

## COUNT II

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

24.     Implicit in the contract of insurance between Plaintiff and Defendants, was the covenant that Defendants would, at all times, act in good faith and deal honestly and fairly with the Plaintiff. At all times since filing the claim, Plaintiff acted honestly and good faith in all its dealings with Defendants.

25.     Defendants breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

a.      Failing and refusing to acknowledge that the Policy referenced above applies in this matter;

b.      Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Policy referenced above.

c.      Denying and delaying coverage to Plaintiff under the Policy referenced above; and

26.     As a direct and proximate result of Defendants's acts and omissions alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.

27.     Defendants's acts and omissions alleged herein in breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendants for its misconduct and to deter others from similar conduct in the future.

## COUNT II

## VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

28.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

29.     At all times material hereto, Defendants engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq.*) and associated statutes, including in particular the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*).

30.     Plaintiff is a member of the class of the general public for whose benefit the aforementioned statutes were enacted.

5

31.     Defendants, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*), including but not limited to NMSA § 59A-16-20.

32.     Plaintiff has a right to maintain this action against Defendants, pursuant to NMSA § 59A-16-30, *et seq.*, which permits a private right of action by the Plaintiff.

33.     Defendants violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

        a.      Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

        b.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of Insureds' claims arising under policies;

        c.      Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

        d.      Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

        e.      Failing and refusing to mediate, resolve, and settle the subject claims.

34.     Defendants' acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees, all of which acts and omissions were ratified or acquiesced to by Defendants.

35.     As a direct and proximate result of Defendants' acts and omissions alleged herein, the Plaintiff suffered damages in an amount to be proven at trial.

6

36.     Defendants' acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendants for its misconduct and to deter others from similar conduct in the future.

37.     Plaintiff has been forced to retain the services of attorneys to enforce their rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, they are entitled to an award of attorney's fees and costs associated therewith.

## COUNT III

## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT

38.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

39.     At all times material hereto, Defendants was authorized and licensed to sell insurance, and was engaged in "trade" or "commerce" as those terms are defined by the New Mexico Unfair Practices Act (NMSA § 57-12-2).

40.     Defendants committed "unfair or deceptive trade practice" as that term is defined in NMSA § 57-12-2 by, among other things, engaging in one or more of the following:

    a.     Failing and refusing to acknowledge its obligations and duties under the above-referenced insurance Policy;

    b.     Failing and refusing to promptly and fairly investigate and process and determine and decide the claims under the Policy referenced above;

    c.     Engaging in repeated efforts to unreasonably delay and obstruct the prompt and fair investigation and processing of claims under the Policy referenced above;

7

    d.     Failing and refusing to mediate, resolve, and settle the subject claims;

    e.     Representing that the insurance Policy referenced above had benefits or qualities that it did not have;

    f.     Representing that the subject insurance Policy was of a particular standard or quality, when it was not; and

    g.     Failing to deliver the quality or quantity of insurance coverage contracted for.

41.    Defendants, in connection with the sale of the above-referenced Policy of insurance to the Plaintiff, knowingly represented that the services being sold were of a particular standard, quality or grade.

42.    Defendants failed to perform in a manner consistent with its representations and contractual obligations, and as a consequence has violated the New Mexico Unfair Trade Practices Act, §57-12-2(D)(7).

43.    In committing these same acts and omissions, Defendants further committed "unconscionable trade practice" as that term is defined in NMSA §57-12-2.

44.    As a direct and proximate result of the acts and omissions alleged herein of Defendants, Plaintiff suffered damages in an amount to be proven at trial.

45.    The acts and omissions of Defendants alleged herein in violating the New Mexico Unfair Practices Act, were done intentionally, willfully, wantonly, maliciously, and/or with reckless disregard for the rights of the Plaintiff. As such, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendants for its misconduct and to deter others from similar conduct in the future.

8

46.     Defendants has willfully engaged in the "unfair and deceptive trade practice." As such, Plaintiff is entitled to recover additional damages pursuant to NMSA §57-12-10 in an amount up to three times its actual damages.

47.     Plaintiff has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment against the Defendant Defendants Mutual Insurance Company for:

1.      All compensatory damages;

2.      Punitive damages;

3.      Treble damages as allowed under New Mexico law;

4.      Pre and post-judgment interest;

5.      Attorney fees and costs; and

6.      All other relief that the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

/s/ David M. Houliston
DAVID M. HOULISTON
*Attorneys for Plaintiff*
500 Tijeras NW
Albuquerque, NM  87102
Phone: 505 247-1223
Fax: 505 214-5204

9

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/23/2015 11:21:24 AM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MEDITREND INC.,

      Plaintiff,

v.                   No.   D-202-CV-2015-08160

LIBERTY MUTUAL INSURANCE COMPANY AND
COLORADO CASUALTY,

      Defendant.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER RULE LR2-603

David M. Houliston, counsel for Plaintiff, certifies that:

\_\_\_\_\_  This case is subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks and award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

\_X\_\_  This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

                Respectfully submitted:

                LAW OFFICES OF DAVID M. HOULISTON

                */s/ David M. Houliston*
                DAVID M. HOULISTON
                *Attorneys for Plaintiff*
                500 Tijeras NW
                Albuquerque, NM  87102
                Phone: 505 247-1223
                Fax: 505 214-5204

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MEDITREND INC.,

        Plaintiff,

v.                  No. D-202-CV-2015-08160

LIBERTY MUTUAL INSURANCE COMPANY AND
COLORADO CASUALTY,

        Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION TO DEFENDANT
## COLORADO CASUALTY

Plaintiff, by and through its attorneys of record, The Law Office of David M. Houliston (David M. Houliston), propounds the following Interrogatories and Requests for Production of Documents on Defendant Colorado Casualty (hereinafter "Colorado"), and pursuant to Rule 1-033 NMRA, does hereby request that Defendant Colorado answer the following interrogatories in writing under oath within forty-five (45) days from the date of service hereof.

In answering these discovery requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you and due and diligent inquiry of all of your employees, officers, agents, and attorneys to elicit all available information. The Interrogatories and Requests for Production are continuing in nature. If you acquire any additional information at any time after answering these discovery requests that makes the original responses incorrect when made, you have an automatic duty to supplement or change the answers previously submitted or supply the documents requested. You must supplement your answers in accordance with 1-026 NMRA without any further request from Plaintiff.

You shall answer each Interrogatory separately and fully within 45 days of the service of these discovery requests. If you cannot`answer any Interrogatory in full, please answer to the fullest extent possible, specify the reason you are unable to answer fully, and state whatever information and knowledge you have regarding the unanswered portion. However, where the context permits, you may answer an Interrogatory by referring to the answer furnished for another Interrogatory. In lieu of identifying a document or writing, you may provide a copy of the document or writing.

Unless a privilege is claimed, the documents requested must be produced at the Law Offices of David M. Houliston, 500 Tijeras NW, Albuquerque, NM 87102, within 45 days of service of the discovery requests. If a privilege is claimed for any document sought in the Requests, provide a "privilege log" pursuant to 1-026 NMRA.

## INTERROGATORIES

**INTERROGATORY NO. 1.** For each person answering these Interrogatories on behalf of Colorado please state the person's name, current address, and position with (or relationship to) Colorado. If more than one person answers or assists in answering these Interrogatories, please identify each person, giving the person's name, address, and position with (or relationship to) Colorado. In addition, identify in your answers when that person has provided assistance and what assistance or information that person supplied.

**ANSWER:**

**INTERROGATORY NO. 2.**   Describe all insurance policies Colorado has provided to Meditrend and for each policy state the kind of coverage; the name and address of the agent; the name, address, and telephone number of each named insured; the policy numbers; the limits of coverage for each type of coverage contained in the policy; whether any reservation of rights or controversy or coverage dispute exists; and, if so, what it is; and the name, address, and telephone number of the custodian of the policy.

**ANSWER:**

**INTERROGATORY NO. 3.**   Is Colorado presenting any defenses that would prohibit, limit, prevent or otherwise curtail any coverages that would otherwise be available under the policy or policies of insurance that are triggered by the subject incident?   If so, please fully describe each and every such policy or coverage defense, including but not limited to a precise recitation of the policy language upon which you rely for each such defense.

**ANSWER:**

**INTERROGATORY NO. 4.**  Is Colorado being sued in its proper corporate name?  If not, please identify the correct name of the entity, its legal nature (e.g., corporation or partnership), state of organization/incorporation, and its principal place of business.

**ANSWER:**

**INTERROGATORY NO. 5.** Please identify by name, address, position, immediate supervisor, all individuals who handled, were consulted with, supervised, reviewed or otherwise were responsible for the handling of the claim(s) submitted by Meditrend or on behalf of Meditrend.

**ANSWER:**

**INTERROGATORY NO. 6.:**  Please list the names and addresses of each person believed or known by you, your agents, or your attorneys, to have any knowledge of Meditrend's purchase of the subject Colorado insurance policy.

**ANSWER:**

**INTERROGATORY NO. 7.**   Please list the names and addresses of each person believed or known by you, your agents, or your attorneys, to have any knowledge of Meditrend's application to increase his limits of coverage under the subject Colorado insurance policy, or any of the issues raised in Plaintiff's Complaint, and specify the area in which each person has knowledge.

**ANSWER:**

**INTERROGATORY NO. 8.**   If you intend to call any lay witnesses at trial, state their names, addresses, telephone numbers, and the expected substance of their testimony.

**ANSWER:**

**INTERROGATORY NO. 9.**   Have you, your attorneys, or any persons acting on your behalf obtained statements from anyone concerning any matter pertaining to the incident or any issues in this lawsuit?   If yes, please state the name and address of each person giving a statement; the name and address of the person(s) taking the statement; whether the statement was written, oral, or recorded; the date and location at which the statement was obtained; and summarize the contents of each statement.

**ANSWER:**

- 5 -

**INTERROGATORY NO. 10.**   If you contend that Plaintiff committed any act or omission that contributed to the refusal of coverage of this claim by Colorado which is the subject of the complaint, describe in detail any such act or omission.

**ANSWER:**

**INTERROGATORY NO.11.**   If you contend that any third party committed any act or omission that contributed to the refusal of Colorado to provide coverage to Plaintiffs for the issues that are the subject of this complaint, identify the third party by name, address, and occupation and describe in detail any such act or omission.

**ANSWER:**

**INTERROGATORY NO. 12.**   Give a short summary of the contents of every document or exhibit you intend to use as a basis for your defense or which you intend to offer into evidence at trial.  A Request for Production asking for these documents accompanies this Interrogatory.  If you object to producing any document, describe in detail and recite verbatim the contents of each and every such document and give the date and circumstances for preparation of each document.

**ANSWER:**

**INTERROGATORY NO. 13.**  Have you or your attorneys retained any expert witnesses who will testify at the trial of this matter regarding the facts and circumstances of any of the allegations or counts raised in the complaint?  If yes, please identify the names and addresses of any and all such experts; the date each such expert was consulted; the exact nature of each individual's expertise; all photographs, drawings, sketches, charts, files, case law, statutes, rules, and/or physical evidence supplied to or relied upon by each such expert; and provide a brief summary of the facts and opinions to which each expert is expected to testify with the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 14.**   Describe the nature of any relationship between Colorado and any and all other insurance companies known by the brand name "Colorado," and identify any and all holding companies and/or other corporate entities that direct or control the operations and assets of Colorado.

**ANSWER:**

**INTERROGATORY NO.15.**   Describe the exact process by which Colorado (a) underwrites and sells its insurance products to all New Mexico consumers, and (b) underwrote and sold its insurance products to Plaintiffs.  If there were any discrepancies or changes between the methods used by Colorado for its New Mexico consumers and the methods used to underwrite and sell insurance to the Plaintiffs, please detail each and every such change or discrepancy in the underwriting and/or sales procedure used to underwrite and sell insurance to the Plaintiffs.

**ANSWER:**

**INTERROGATORY NO. 16.**   Please provide the known basis, with reference to specific facts or law that forms the basis for each and every one of the affirmative defenses that you raised in your Answer to the Complaint.

**ANSWER:**

**INTERROGATORY NO. 17.**   Please describe the complete investigation done in response to Plaintiff's demand and include the following:

        a.     names, addresses and phone numbers of all persons interviewed;

        b.     names, addresses and phone numbers of all experts consulted; and

        c.     a complete description of all documents reviewed.

**ANSWER:**

**INTERROGATORY NO. 18.**   Provide a chronology of the investigation done by Colorado from the date of the claim being opened, through the filing of this lawsuit.  Include names of persons involved and dates for each entry on the chronology.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.**  Please provide copies of any documents that were used in preparing your responses to Plaintiffs Interrogatories.

**RESPONSE:**

**REQUEST NO. 2.**  Please provide copies of any document that you may or will rely upon to prove any affirmative defense raised in your Answer to Plaintiffs Complaint.

**RESPONSE:**

**REQUEST NO. 3.**  Please provide copies of all insurance policies identified in your answers to Interrogatories and include the declarations page for each policy, any signed rejections of any coverage, any signed waivers of any coverage limits, any signed reductions of any coverage or any coverage limit, and any explanations of or for any waiver or rejection of any coverage or any coverage limit.

**RESPONSE:**

- 10 -

**REQUEST NO. 4.**   Please produce copies of the all documents relating to the investigation and/or adjustment of this claim, including but not limited to all correspondence, claims file, notes, emails, and supporting documents, regarding the investigation, adjustment, settlement and/or conclusion of Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 5.**   Please provide copies of all documents or tangible things prepared by any expert you will call at trial, including but not limited to reports, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.   If a report has not been prepared, the preparation of the report is hereby requested pursuant to the New Mexico Rules of Civil Procedure.

**RESPONSE:**

**REQUEST NO. 6:**   Please produce copies of curriculum vitae of any experts retained in regard to Plaintiff's complaint.

**RESPONSE:**

- 11 -

**REQUEST NO. 7:**   Please produce all documentation related in any manner to any claims or demands submitted on Plaintiffs' behalf arising from the subject claim.   This request for production is ongoing pursuant to the New Mexico Rules of Civil Procedure.

**RESPONSE:**

**REQUEST NO. 8.**  Please provide copies of all exhibits you may or will introduce as an exhibit at trial in this matter.

**RESPONSE:**

**REQUEST NO. 9.**  Please produce full and complete copies of all applications for all insurance coverages, or applications for increases in coverage limits, made by Meditrend to any entity related to the "Colorado" corporate group or family of companies at any time during the last ten (10) years, including applications for increases in coverage.

**RESPONSE:**

**REQUEST NO. 10.** Please produce full and complete copies of any and all underwriting files pertaining to or derived from any and all applications for all insurance coverages made by Plaintiffs to any entity related to the "Colorado" corporate group or family of companies at any time during the last ten (10) years.

**RESPONSE:**

**REQUEST NO. 11.** Please produce a complete copy of any claim file maintained by you with respect to Plaintiff. This request includes all correspondence from his attorneys, correspondence from attorneys and professionals working on behalf of Colorado, and all electronic notes from the file.

**RESPONSE:**

**REQUEST NO. 12.** Please produce copies of any and all payments you or any other entity related to the "Colorado" corporate group or family of companies have made to the Plaintiffs for any and all claims that they made to you or any other entity related to the "Colorado" corporate group or family of companies at any time during the last ten (10) years.

**RESPONSE:**

**REQUEST NO. 13:**   Please produce complete copies of any and all claims files for any claim filed by the Plaintiff to or against you or any other entity related to the "Colorado" corporate group or family of companies at any time during the last ten (10) years.

**RESPONSE:**

**REQUEST NO. 14:**   Please produce complete copies of the employment files of the adjuster and supervisor who handled Plaintiff's claim.   Confidential information such as social security numbers can be redacted.

**RESPONSE:**

Respectfully submitted:

/s/ David M. Houliston
DAVID M. HOULISTON
*Attorney for Plaintiff*
500 Tijeras
Albuquerque, NM 87102
Phone: 505 247-1223
Fax: 505 214-5204

- 14 -

Office of Superintendent of Ins.
Service of Process
P. O. Box 1689
Santa Fe, NM 87504-1689

CERTIFIED MAIL™

7012 3460 0000 1399 8519

Colorado Casualty Insurance Co.
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/17/2015 11:01:44 AM
James A. Noel
Nadine Spencer

# STATE OF NEW MEXICO
## OFFICE OF SUPERINTENDENT OF INSURANCE
## CERTIFICATE

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

D202CV2015-08160

MEDITREND, INC.,
    Plaintiff(s),

VS.

LIBERTY MUTUAL INSURANCE COMPANY &
COLORADO CASUALTY INSURANCE COMPANY,
    Defendant(s).

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint for Breach of Contract, Bad Faith, Unfair Claims Practices and Unfair Trade Practices, Plaintiff's Certification Regarding Arbitration Pursuant to LR2-603 and Plaintiff's First Set of Interrogatories and Request for Production to Defendant Colorado Casualty Insurance Company, on the above styled cause was accepted by me on behalf of COLORADO CASUALTY INSURANCE COMPANY, on November 24, 2015, provided in Sections 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on December 2, 2015, as shown by return receipt by Postmaster.

In Witness Whereof, I have
hereunto set my official seal
on this 10th of December, 2015

Superintendent of Insurance

CALENDARED

RESPONSE/REPLY
DUE 1-5-16
DISC. 1-11-16